UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA ROBINSON and
EDWARD KIZZIE,

    Plaintiffs,

v.                                    CASE NO.:

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., a Foreign for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MONICA ROBINSON and EDWARD KIZZIE, collectively ("Plaintiffs"), by and through their undersigned counsel hereby file this Complaint and Demand for Jury Trial against SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ("Defendant"), and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for damages by Plaintiffs against their employer, Sedgwick Claims Management Services, Inc., for retaliation under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, ("FLSA"). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district as a substantial part of the events and omissions giving rise to the claims occurred in this District. Also, at all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

1

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff MONICA ROBINSON is an individual *sui juris* currently residing in Orange County.

2. Plaintiff EDWARD KIZZIE is an individual *sui juris* currently residing in Orange County.

3. Plaintiff MONICA ROBINSON has been employed by Defendant since on or around August 22, 2016 and processes disability claims.

4. Plaintiff EDWARD KIZZIE has been employed by Defendant since on or around January 26, 2015 and processes disability claims.

5. Defendant is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida.

6. At all relevant times hereto, Defendant was engaged in interstate commerce with annual gross business of $500,000.00 or more.

7. Defendant is a covered employer under the FLSA.

8. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and exercised control over the wages, hours, and working conditions of Plaintiffs.

9. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one-and-one-half times their regular rate of pay.

10. Plaintiffs complained both verbally and in writing to supervisors and managerial employees of Defendant about being misclassified under the FLSA and not being paid overtime under the FLSA.

11. Plaintiffs also joined a lawsuit brought against Defendant for unpaid overtime. Immediately after the case was settled, Defendant demoted both Plaintiffs.

12. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiffs, Plaintiffs have suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities, and lost wages due to emotional distress. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

13. Plaintiffs have exhausted their administrative remedies and/or have met all administrative prerequisites for bringing this action.

14. Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm attorney's fees and costs for its services.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Retaliation)

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant retaliated against Plaintiffs for engaging in an activity protected by the Fair Labor Standards Act by taking unwarranted actions against them and demoting them.

17. As a direct and proximate result of Defendant unlawful retaliation against Plaintiffs, Plaintiffs have suffered and will continue to suffer loss of earnings, loss of ability to earn money,

3

other employment benefits and job opportunities, and lost wages due to emotional distress. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

18. Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm attorney's fees for its services.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for the following:

A. Back pay, front pay, general and compensatory damages, including lost wages due to emotional distress;

B. Liquidated damages;

C. Prejudgment and post-judgment interest;

D. Attorneys' fees and costs of this action; and,

E. Such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 3rd day of April 2020.

/s/ Mary E. Lytle
**Mary E. Lytle, Esq.**
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiffs**